# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT HOLLAND, | ) | |
| THE LAW FIRM OF ROBERT HOLLAND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 2:15-CV-207 |
| | ) | |
| THE CITY OF GARY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on: (1) Motion to Dismiss Pursuant to F.R.C.P. 12(B)6), filed by Defendant Judge Deidre Monroe and/or Gary City Court on July 17, 2015 (DE #26); (2) Defendants' Motion to Dismiss Pursuant to Federal Civil Rule of Procedure 12(b)(4), (5), (6), filed by The City of Gary, City of Gary Mayor Rudy Clay, City of Gary Chief of Police Carter, Gary Detective S. Jones #1408, Sgt. Ben Portis #1142, Gary Officer W. Oliver #1423, Gary Officer D. Gilliam #1231, Gary Officer Johnny Gill #1384, Gary Officer T. Williamson #4284, Gary Officer House, and the City of Gary Police Department ("Gary Defendants"), on July 23, 2015 (DE #30); (3) Motion to Dismiss by Defendants Dominguez, Tatge, Jansky, May and the Lake County Sheriff's Department ("Lake County Defendants"), filed on July 23, 2015 (DE #35); and (4) Prosecutor Defendants' Motion to Dismiss, filed by Defendants Lake County Prosecutor Bernard Carter and Deputy Prosecutor Rosie Lynch

("Prosecutor Defendants") on July 27, 2015 (DE #41).

For the reasons set forth below, each of the above motions is **GRANTED**. This case remains pending as to Med Staff, Inc. All other Defendants are **DISMISSED WITH PREJUDICE**.

BACKGROUND

Pro se Plaintiff, Robert Holland, filed his complaint against multiple defendants on June 1, 2015 (DE #1). In his difficult-to-read, rambling 82-page complaint, he names 20 different defendants. He asserts that these defendants have conspired against him in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 18 U.S.C. § 1962(a), (b), (c) and (d)(Racketeer Influenced and Corrupt Organizations Act ("RICO") violations). He also alleges violations of the Hobbs Act (8 U.S.C. 1951) and the Travel Act (18 U.S.C. 1952); and, he alleges violations of Indiana state laws, including RICO and civil conspiracy.

The complaint does not lend itself to a brief summary, as the allegations are extensive. Holland asserts in his complaint that it is brought "pursuant to Federal Rules of Civil Procedure 60(B)(1),(2),(3) and (6)." (DE #1 at 4). He "incorporates by reference" the complaint filed previously in Cause No. 2:10-CV-454 - a case that was decided against Holland on summary judgment, appealed, and affirmed. *Holland v. City of Gary*, No. 2:10-CV-454 (N.D. Ind. 2013), *aff'd*, 533 Fed. Appx. 661 (7th Cir. 2013).

Despite his reference to and incorporation of the prior complaint, Holland claims that this complaint "does not merely rehash legal theories and arguments already addressed by the Court or add new theories and arguments that should have been advanced in the original Motions for Summary Judgment, but demonstrates a meritorious defense that would have changed the court's decision." (DE #1 at 4). Holland asserts that he was arrested without probable cause and subjected to illegal search and seizure, false imprisonment, fraudulent charges, intimidation, harassment, and defamation. (DE #1 at 5). He further alleges that he was involuntarily committed and maliciously prosecuted and that there was an abuse of process designed to injure his person, business, property, and profession. (DE #1 at 5). Holland claims that the Defendants' criminal conduct has lasted continually for 20 years and is persisting. (DE #1 at 22). He complains specifically of actions surrounding his arrest on March 3, 2010 (an arrest stemming from an alleged altercation with his mother), and his ensuing incarceration – events that were the subject of the complaint filed in Cause No. 2:10-CV-454. (DE #1 at 23-50).

The instant motions to dismiss set forth numerous arguments in favor of dismissal. Judge Deidre Monroe argues that she is entitled to judicial immunity, that Holland's claims are precluded, and that the claims are frivolous. (DE #26-1). The Gary Defendants argue that they were not properly served, that the complaint does

not comply with Federal Rule of Civil Procedure 8(a)(2), fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), and is barred by collateral estoppel. (DE #32). The Lake County Defendants argue that the complaint is unintelligible and violates Federal Rule of Civil Procedure 8, that the claims are precluded by *res judicata* and collateral estoppel, and that the claims are barred by the statute of limitations. (DE #36). The Prosecutor Defendants argue that the complaint should be dismissed because it was brought pursuant to Federal Rule of Civil Procedure 60, does not satisfy Rule 8 and is barred by res judicata, collateral estoppel, the applicable statutes of limitations, the Indiana Tort Claims Act, and prosecutorial immunity. Holland has responded to each of these motions.[1] The Gary Defendants and Lake County Defendants have replied. The motions to dismiss are fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient

---

[1] In his response briefs, Holland has requested that various portions of Defendants' filings be stricken. Northern District of Indiana Local Rule 7-1(a) requires that motions be filed separately. Because Holland did not file separate motions to strike, his requests will be disregarded by this Court.

4

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) (citation omitted) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Plus, *Iqbal* requires that a plaintiff plead content which allows this Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. 556 U.S. at 678.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the

"operative facts" upon which each claim is based. *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and, "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Twombly,* 550 U.S. at 569 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (quotation marks, ellipsis, citations and footnote omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Court notes that Holland is appearing *pro se* in this matter. Generally, although "pro se litigants are masters of their own complaints" and "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (quotation marks omitted)). In this case, the Court notes that Holland is a former attorney. According to the Seventh Circuit, "[a]s a former attorney, [Holland] has only the most tenuous claim to the more forgiving pleading standards we afford typical pro se plaintiffs."). *Weston v. Illinois Dep't Of Human Services*, 433 Fed. Appx. 480, 482 n.1 (7th Cir. 2011).

Even *pro se* plaintiffs, however, must "make their pleadings straightforward so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). They must "be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages . . . ." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."),

and *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the plaintiff's claims). In sum, Rule 8 requires a complaint to be presented with "intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and [,] if so [,] what it is." *Vicom*, 20 F.3d at 775. Wordy, redundant, and seemingly interminable complaints violate the letter and the spirit of Rule 8 and may be dismissed with leave to refile. *Id*. at 776. Here, Holland's complaint fails to meet these standards. Usually, such shortcomings would result in a without-prejudice dismissal, and a plaintiff would be given an opportunity to amend his complaint to comply with Rule 8. Here, however, the failure to comply with Rule 8 is only one of several problems with Holland's complaint.

The Seventh Circuit recently reviewed an appeal of one of Holland's cases in *Holland v. Lake County Municipal Government, et al.*, No. 2:13-CV-179 (N.D. Ind. 2013), *aff'd,* 605 Fed. Appx. 579 (7th Cir. 2015). In this case, Judge Theresa Springmann dismissed claims similar to those raised in this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Holland failed to state a plausible claim for relief and the allegations were deemed fantastical and delusional. *Id*. The Seventh Circuit Court of Appeals noted the following:

> The suit alleges that since 1998 an array of public and private actors have conspired "to put him out of business." The defendants, he says, cost him his job with the Lake County, Indiana, prosecutor's office, got him banned from the Lake County government building, leveled false allegations that prompted the suspension of his law license, unlawfully seized two real properties, and caused him to be falsely arrested and imprisoned. This suit, though, is actually Holland's fifth raising similar allegations. See *Holland v. CEO Countrywide Home Loans, Inc.*, No. 2:14cv5 (N.D. Ind. 2014), aff'd, No. 14-3447 (7th Cir. Feb. 9, 2015); *Holland v. City of Gary*, No. 2:10-CV-454-PRC (N.D. Ind. 2013), *aff'd*, 533 F. App'x 661 (7th Cir. 2013); *Holland v. City of Gary*, No. 2:12-CV-62-TS (N.D. Ind. 2012), *aff'd*, 503 F. App'x 476 (7th Cir. 2013); *Holland v. Lake County Mun. Gov't*, No. 2:13-CV-180 PS (N.D. Ind. 2013).

*Id.* The Seventh Circuit Court of Appeals described the appeal as frivolous, noted that Holland had been warned previously that frivolous submissions would be sanctioned, and again warned Holland about frivolous appeals.

Here, although the claims are incredibly difficult to decipher, the complaint is clearly duplicative of other cases Holland has initiated; most notably, *Holland v. City of Gary*, No. 2:10-CV-454 (N.D. Ind. 2013), *aff'd,* 533 Fed. Appx. 661 (7th Cir. 2013). Holland's incorporation of the complaint in the previous case, together with his assertion that the judgment in that case is void and should be vacated pursuant to various sections of Federal Rule of Civil Procedure 60, leave little doubt that this action is duplicative. Accordingly, this Court must consider whether the

9

claims or issues raised in the instant case are precluded.

Because Holland's previous cases were brought in federal court, this Court looks to the federal common law to determine whether the current claims are precluded. *Taylor v. Sturgell*, 128 S. Ct. 2161 (2008).

> A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies. Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.

*Ross v. Bd. of Educ.*, 486 F.3d 279, 282 (7th Cir. 2007) (quotation marks, ellipsis and citations omitted).

For *res judicata* to apply, defendants must show identity of the cause of action, identity of the parties or their privies, and a final judgment on the merits. *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014). To decide whether there is identity of the cause of action, the court looks at "whether the claims comprise the same core of operative facts that give rise to a remedy." *Id*. (quoting *Matrix IV v. American National Bank and Trust Company of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011)). In other words, it must arise out of the same transaction. *Ross*, 486 F.3d at 283. If it did, then even if the claim were not raised in the earlier lawsuit, it cannot be asserted. *Id.* Here, there can

be no question that this action arises from the same transaction as the claims raised in Cause No. 2:10-CV-454; Holland admits as much in the complaint itself. And, the previous case was disposed of on the merits at the summary judgment stage. The only remaining issue is whether there is identity of the parties. While there is considerable overlap, each complaint named numerous parties, and the defendants are not identical in the two suits. As to any party named in Cause No. 2:10-CV-454[2], however, claim preclusion bars all claims raised in the instant complaint.

With regard to the defendants who were not named in Cause No. 2:10-CV-454, collateral estoppel (issue preclusion) must be considered. Under this doctrine, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *See Carter v. C.I.R.*, 746 F.3d 318, 321 (7th Cir. 2014)(quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Unlike *res judicata,* collateral estoppel can be used as an affirmative defense even where the party asserting it was not a party to the earlier litigation. *Id.* In order for a federal judgment to have a preclusive effect, four elements must be

---

[2] The City of Gary, City of Gary Mayor Rudy Clay, City of Gary Chief of Police, Lake County Sheriff Dominguez, Warden of the Lake County Jail, Johnny Gill Officer #1384, Officer Williams #4282, and Officer Tremell Williamson were among the numerous defendants named in Cause No. 2:10-CV-454.

11

satisfied:

> (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action.

*Adams*, 742 F.3d at 736 (citing *Matrix IV*, 649 F.3d at 547).

Holland, who chose to proceed *pro se* in both this action and each of the prior actions which could potentially have a preclusive effect in this action, cannot use his *pro se* status to avoid collateral estoppel. *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013)("[T]he idea that litigating pro se should insulate a litigant from application of the collateral estoppel doctrine, or, more broadly, the doctrine of res judicata, of which collateral estoppel is an aspect, is absurd."). That is especially true here, where Holland was a practicing attorney for many years.

With regard to the remaining elements, the Court begins by looking at what issues were addressed in Cause No. 2:10-CV-454. In that case, Magistrate Judge Cherry issued three summary judgment rulings covering a variety of issues. *Holland*, No. 2:10-CV-454, DE ##203, 317, 322. Defendants City of Gary, Mayor Rudy Clay, City of Gary Chief of Police, Officer Johnny Gill, and Officer Williams argued that Holland could not demonstrate that his March 3, 2010, arrest was without probable cause. Magistrate Judge Cherry agreed and, as a result, dismissed Holland's claims for wrongful arrest,

unreasonable search and seizure, false imprisonment, malicious prosecution, and failure to investigate. *Holland*, No. 2:10-CV-454, DE #203 at 10-11. Magistrate Judge Cherry also determined that these defendants could not be liable for the actions of the judge, clerk staff, and prosecuting attorneys because they are not officers of the city government. *Id.* at 5-6. Furthermore, Magistrate Judge Cherry determined that, following Holland's arrest, his initial appearance was timely and summary judgment was warranted on Holland's claim that he was denied a prompt initial hearing. *Id.* at 12. In considering Holland's failure to train claim, Magistrate Judge Cherry noted that Holland had not raised any issue of material fact to support his claim that he suffered a constitutional violation. *Id.* Without that, the Court did not need to consider whether there was a policy or custom such that liability under section 1983 could attach. *Id*.

Thereafter, the City of Gary, Mayor Rudy Clay, the City of Gary Chief of Police, Officer Johnny Gill, and Officer Williams filed another motion for summary judgment, arguing that Holland's remaining claims should be dismissed. *Holland*, No. 2:10-CV-454, DE #317. Magistrate Judge Cherry found that summary judgment in favor of the defendants was appropriate as to Holland's remaining two claims: abuse of process and intentional infliction of emotional distress. *Id.* In addressing this motion, Magistrate Judge Cherry found both that Holland could not point to any evidence in the

13

record of any nefarious intent and that the Defendants' acts in the arrest were procedurally proper under the circumstances. *Id.* at 6. Magistrate Judge Cherry found that Holland had produced no evidence to support his claim and that, in light of his earlier finding that probable cause for the arrest existed, the Defendants had done nothing outrageous. *Id.* at 7.

Magistrate Judge Cherry also ruled on motions for summary judgment filed by Lake County Board of Commissioners, Sheriff Dominguez, and Warden of the Lake County Jail. *Holland*, No. 2:10-CV-454, DE #322. Magistrate Judge Cherry ruled that the Lake County Board of Commissioners could not be liable to Holland for the actions of the Sheriff Dominguez or the Lake County Jail even if they violated his constitutional rights. *Id.* at 7-8. With regard to Sheriff Dominquez and the Warden of the Lake County Jail, Magistrate Judge Cherry granted summary judgment in their favor because Holland produced no admissible evidence to support his claim that there was a policy or custom of violating inmates' constitutional rights. *Id.* at 8-13.

Each of these issues were litigated on summary judgment and essential to the Court's judgment.[3] Holland had the opportunity to

---

[3] Holland claims that he did not have a full and fair opportunity to litigate these issues in the prior case. More specifically, he complains that he did not get to conduct more discovery before responding to the summary judgment motion. He also complains that the judgment was void because not all Defendants had properly consented to the jurisdiction of the magistrate judge. These arguments are misplaced. If Holland wanted to challenge Magistrate Judge Cherry's rulings regarding discovery, the proper procedure was to raise the issue with the Seventh Circuit Court of Appeals in the appeal of that

14

appeal Magistrate Judge Cherry's rulings.  He did so, and the Seventh Circuit Court of Appeals considered his arguments and upheld Magistrate Judge Cherry's judgment in all respects. *Holland v. City of Gary*, 533 Fed. Appx. 661 (7th Cir. 2013).

Holland is precluded from relitigating each of the issues that Magistrate Judge Cherry decided in Cause No. 2:10-CV-454.  This leaves little left to litigate.  With so many issues decided against him, Holland's complaint lacks traction.  Because part of the purpose of *res judicata* and collateral estoppel are to preserve the limited resources of the judiciary, this Court declines to conduct a similar analysis of each of the at least five other cases that also appear related to the instant suit.  This decision is made in part because, even if there remains a claim or issue not precluded by either *res judicata* or collateral estoppel, there are other problems with the complaint, as outlined below.

Holland has not demonstrated that he has properly served the Gary Defendants.  *See* F.R.Civ. P. 4(j)(2) and Ind. Tr. Pro. Rule 4.6 (both requiring that service be made upon the chief executive officer of any municipal corporation; in this case, the current mayor of Gary).

Additionally, Holland has attempted to sue individuals who are

---

case.  Likewise, if Holland thought that Magistrate Judge Cherry's orders were void due to a problem with the consent, he could have raised that argument when appealing Magistrate Judge Cherry's judgment.  This separate civil action is not the proper mechanism for these challenges.  On the record before this Court, there is every indication that Holland had a full and fair opportunity to litigate his claims before Magistrate Judge Cherry.

entitled to immunity. Holland's complaint alleges that Judge Diedre Monroe engaged in a variety of judicial acts that resulted in violations of his rights, but she enjoys absolute immunity for these acts "even if [her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Likewise, Holland's allegations regarding Lake County Prosecutor Bernard Carter and Deputy Prosecutor Rosie Lynch stem directly from their handling of his 2010 criminal case. They are entitled to prosecutorial immunity for their duties as advocates for the State, even where they have acted maliciously or violated a plaintiff's constitutional rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Imbler v. Pachtman*, 424 U.S. 409 (1976).[4]

Lastly, it appears that many, if not all, of Holland's claims would be barred by the applicable statute of limitations. Whether the two-year Indiana statute of limitations related to injuries applied or the four-year statute of limitations related to federal civil RICO claims applies, Holland's claims would fall outside the statute of limitations. *See* I.C. § 34-11-2-4(a); *Cancer Foundation, Inc. v. Cerberus Capital Management*, 559 F.3d 671 (7th

---

[4] It is possible, as Holland has argued, that some of the actions he complains of would be entitled only to qualified immunity; but due to the sheer number of problems with Holland's complaint, it is not necessary for this Court to sort out whether any of Holland's allegations regarding the Prosecutor Defendants might fall outside the acts for which they enjoy absolute immunity.

16

Cir. 2009)("The statute of limitations for a civil RICO cause of action is a fairly generous four years. It begins to run when the plaintiffs discover, or should, if diligent, have discovered, that they had been injured by the defendants."). Although Holland claims that the alleged conspiracy has continued for 20 years and will continue into the future, the crux of his complaint centers around an arrest occurring on March 3, 2010. This suit was not filed until June 1, 2015 - over five years later. Holland argues that the six-year statute of limitations for fraud and breach of contract applies to his state law claims and that the Indiana civil Rico statute has a five-year statute of limitations. He further argues that Defendants should be estopped from raising the statute of limitations as a defense because their alleged fraud in Cause No. 2:10-CV-454 prevented him from filing a timely complaint. He further argues that the statute of limitations should be tolled because there is a continuing violation. This Court finds each of these arguments without merit.

Other arguments have been made that this Court declines to address. Given all the shortcomings outlined above, it is unnecessary to explore the merits of any remaining arguments.

Under these circumstances of this case, any attempt to allow Holland to amend his complaint would be futile.[5] *Barry Aviation*

---

[5] In fact, this Court briefly entertained whether sanctions are warranted, given the myriad of previous warnings Holland has received that frivolous filings must be avoided. That, however, will be left to the discretion of the Seventh Circuit Court of Appeals, should Holland choose to appeal this order.

17

*Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."). Accordingly, Holland's claims against Judge Diedre Monroe and/or Gary City Court, the Gary Defendants, the Lake County Defendants, and the Prosecutor Defendants are dismissed with prejudice.

CONCLUSION

For the reasons stated above, each of the instant motions to dismiss are **GRANTED.** (DE ##26, 30, 35, 41)**.** Judge Deidre Monroe and/or Gary City Court, the Gary Defendants, the Lake County Defendants, and the Prosecutor Defendants are **DISMISSED WITH PREJUDICE.** The case remains pending as to Med Staff, Inc. only.

**DATED: March 18, 2016**  /s/ RUDY LOZANO, Judge
 **United States District Court**