# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:15-CV-207-RL-JEM |
| | ) |
| MED STAFF, INC.,<br>    Defendant. | )<br>)<br>) |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(3) and Local Rule 72-1

This matter is before the Court on an Order to Show Cause [DE 138], issued by the Court on August 1, 2016.

On July 22, 2016, Judge Rudy Lozano entered an Order [DE 135] referring this matter to the undersigned Magistrate Judge for a report and recommendation on Plaintiff's Notice to the Court of the Inability to Pay Sanctions [DE 133] pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

On June 29, 2016, Judge Lozano issued an order sanctioning Plaintiff in the amount of $500 for frivolously challenging the Court's dismissal of all Defendants in this case except Med Staff, Inc. On July 15, 2016, Plaintiff filed the Notice to the Court of the Inability to Pay Sanctions, in which he stated he could not pay the $500 sanction because he is indigent and because paying the sanction would create a severe hardship and affect his ability to prosecute this case. On August 1, 2016, Plaintiff was ordered to show cause as to why he cannot pay sanctions. On August 22, 2016, this Court held a hearing at which Plaintiff and counsel for Defendant appeared.

At the hearing, Plaintiff testified under oath concerning his income and assets. Plaintiff testified that his sole source of income is Social Security disability payments of $1,021 per month. Plaintiff testified that he was previously licensed to practice and did practice law, which was his sole source of income until approximately September 2009, when his license to practice was revoked. Plaintiff also testified that he holds an undergraduate degree from Northwestern Oklahoma State University, a J.D. from Indiana University, and an MBA from "Tulsa University".

According to Plaintiff, he has been sending out applications for employment through Work Force One in Gary, Indiana. Plaintiff represented that he has applied to at least forty job openings, mostly with restaurants and various government agencies. Plaintiff could not recall the names of most of these potential employers, but could only recall that he might have applied to the U.S. Department of Defense. Furthermore, Plaintiff testified that he is receiving treatment for back issues that limit the types of work he can perform.

Plaintiff testified that he does not own any real property at this time, as at least three pieces of real property were, according to Plaintiff, unlawfully taken from him. Plaintiff stated that he still lives in one of these properties and that he does not pay any rent, mortgage, or property taxes. Plaintiff testified that he does pay the utilities associated with the property, which are about $200 per month. Plaintiff also stated that he owns the furnishings in the dining room, living room, and two bedrooms, but did not testify as to the total value of these furnishings. Plaintiff stated that he does not own a car and that at the time of the hearing he had $20 in cash and a total of $20.01 in two different checking accounts.

Plaintiff testified that he is currently the plaintiff in at least six different cases, five of which are related and three of which are on appeal. Plaintiff testified that he will have to pay approximately

$1,515 in the next sixty days in court fees associated with these cases. Plaintiff also testified that he will incur approximately $500 in costs associated with copying, binding, and mailing documents for these cases. He stated that he paid $250 for a laptop and $90 for a printer about two years ago, and that he uses both to research and prepare documents for his cases.

After reviewing Plaintiff's testimony, the Court finds that he is not unable to pay the sanctions as ordered. Plaintiff was specifically warned by Judge Lozano, in capital letters, that the Court would impose "SANCTIONS OF $500 PER FILING" for frivolous challenges to the Court's order of dismissal. Plaintiff did not heed this warning and was sanctioned accordingly. While the Court acknowledges that $500 is approximately half of Plaintiff's stated monthly income, the Court also notes that Plaintiff has paid hundreds if not thousands of dollars in filing fees to maintain several causes of action in this Court and in state court. This ability to pay significant filing fees and hundreds of dollars in printing costs refutes rather than supports Plaintiff's claim that he cannot pay the instant sanction.

Accordingly, the Court **RECOMMENDS** that the District Court find that Plaintiff has the ability to pay the $500 sanction entered against him.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994);

*Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 30th day of August, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: Judge Rudy Lozano
All counsel of record
Plaintiff, *pro se,* by certified mail, return receipt requested