**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| ROBERT HOLLAND and | ) | |
| THE LAW FIRM OF ROBERT HOLLAND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 2:15-CV-207 |
| | ) | |
| CITY OF GARY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge John E. Martin (DE #141) dated August 30, 2016, and the Objection to the Report and Recommendation of U.S. Magistrate Judge Martin (DE #143), filed by Robert Holland ("Holland") on September 20, 2016. For the reasons set forth below, the objection is **OVERRULED** and the report and recommendation is **ADOPTED**.

BACKGROUND

On June 29, 2016, this Court sanctioned Holland in the amount of $500. (DE #129). Holland objected to the imposition of sanctions and also notified the Court that he was unable to pay the sanctions. (DE ## 132, 133). This Court overruled the objection and referred the notice of inability to pay to Magistrate Judge John E. Martin for report and recommendation. (DE ## 134, 135). Holland then filed a

motion to reconsider the Court's ruling on his objection to the sanctions. (DE #136). That too was denied by this Court. (DE # 139).

Magistrate Judge Martin conducted a hearing to explore Holland's ability to pay sanctions. At that hearing, Holland testified that his only income is Social Security Disability in the amount of $1,021 per month. Holland has looked for work, but he claims that back issues limit his options. He does not currently own any real property, but he believes that three properties were unlawfully taken from him. He still lives at one of those properties, and does not currently pay rent, a mortgage, or property taxes. He does pay roughly $200 per month for utilities. And, he owns the furnishing in the home. He does not own a vehicle. On the date of the hearing, he had $20 in cash and a total of $20.01 in two different checking accounts.

Holland also testified that he is a plaintiff in at least six different cases, five of which are related and three of which are on appeal. As a result of the appeals, he needed to pay $1,515 in court fees over the next sixty days. In addition, he will have significant expenses related to preparing documents for those appeals.

Following the hearing, Magistrate Judge Martin recommended that this Court find that Holland has the ability to pay the $500 in sanctions. The report and recommendation provides in part that:

> After reviewing Plaintiff's testimony, the Court finds that he is not unable to pay the sanctions as ordered. Plaintiff was specifically warned by Judge Lozano, in capital letters, that the Court would impose "Sanctions of $500 per filing" for frivolous challenges to the Court's order of

> dismissal. Plaintiff did not heed this warning
> and was sanctioned accordingly. While the Court
> acknowledges that $500 is approximately half of
> Plaintiff's stated monthly income, the Court also
> notes that Plaintiff has paid hundreds if not
> thousands of dollars in filing fees to maintain
> several causes of action in this Court and in
> state court. This ability to pay significant
> filing fees and hundreds of dollars in printing
> costs refutes rather than supports Plaintiff's
> claim that he cannot pay the instant sanction.

(DE #141 at 3). On September 20, 2016, Holland filed the instant timely objection to the report and recommendation.[1] Defendants have not filed a response. Accordingly, both the report and recommendation and Holland's objection are ripe for adjudication.

DISCUSSION

When a party makes objections to a magistrate judge's recommendations, "[t]he district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

Holland's objection sets forth the procedural history of the sanctions at issue and some of the facts presented at the hearing held

---

[1] The report and recommendation was sent to Holland via certified mail, and the return receipt indicates he received the report and recommendation on September 6, 2016.

before Magistrate Judge Martin.  Holland then concludes that "[t]he recommendation defies logic and the evidence presented under the circumstances." (DE #143 at 3).  Holland has not taken issue with any of the facts presented in the report and recommendation, just Magistrate Judge Martin's conclusion.

The remainder of the objection presents yet another challenge to this Court's decision to impose the sanctions in the first place, claiming the sanctions were without legal justification.  This Court has considered Holland's argument that the sanctions were unfounded on two prior occasions:  Holland objected to the imposition of sanctions and this Court overruled the objection (DE ## 132, 134).  Holland then filed a motion to reconsider the Court's ruling on his objection and that too was denied by this Court.  (DE ## 136, 139).  This Court will not now entertain Holland's third attempt to challenge the validity of the initial decision to impose sanctions.[2]

As for Holland's argument directed to Magistrate Judge Martin's recommendation that this Court find he has the ability to pay the sanctions imposed, Holland has offered little to support his position.  Holland's income is minimal, but his living expenses are also minimal.  To the extent a move is in Holland's near future, little is known about his future living expenses.  Holland claims that his expenses are high, but he is referring to expenses related to his prolific

---

[2] The Court notes, however, that it is exactly this kind of behavior - repeatedly making the same arguments - that led to the sanctions at issue here.

litigation, not living expenses.

On October 4, 2016, Holland was able to pay a $505 fee for an appeal from a decision by this Court in *Holland v. Feinberg*, 2:13-CV-491. In that case, Holland is appealing an order by this Court that notes the following:

> In this instant motion, Holland continues to set forth the same legal arguments that have been rejected by this Court again and again, and affirmed by the Seventh Circuit. To raise and re-raise arguments that have been rejected by the Court is an abuse of the judicial process warranting sanctions. This civil case has long since been closed and this Court will not consider any additional challenges to this Court's order dismissing the case.

*See Id.* at DE #152, pg. 2. Holland sought to proceed IFP in that case, but this Court found that the appeal was not taken in good faith. Holland nonetheless decided to proceed at his own expense. This is not an isolated incident of Holland choosing to pay to pursue appeals that are lacking in good faith. Holland has filed fifteen separate appeals since 2009, including four appeals in 2016. Many of these cases were cases where IFP was denied by the district court because the appeal was deemed lacking in good faith and IFP was also denied by the Seventh Circuit Court of Appeals.

It appears that Holland simply cannot take no for an answer. This has been a recurring theme in his numerous cases before this Court. While persistence is admirable in some circumstances, in a court of law, there comes a point where persistence becomes an abuse of the judicial process. Holland has long since passed that point.

If Holland chooses to spend his limited income pursuing appeals in bad faith, he is entitled to do that (although he may ultimately face additional sanctions). However, expenses resulting from that choice do not render him unable to pay the sanctions in this case.

Magistrate Judge Martin correctly considered Holland's ability to pay significant court fees and associated costs in recommending that this Court find Holland has the ability to pay the instant sanctions. Magistrate Judge Martin's recommendation is not, as Holland suggests, "clearly without logic." A *de novo* review supports a finding that Holland has the ability to pay the sanctions ordered by this Court.

This Court's sanction order did not include a due date. There is no demand that Holland come up with $500 today, tomorrow, or even next month. He may make payments over time as he is able, but the sanctions must be paid.

CONCLUSION

For the reasons set forth above, the Objection to the Report and Recommendation of U.S. Magistrate Judge Martin (DE #143) is **OVERRULED** and the Report and Recommendation of Magistrate Judge John E. Martin (DE #141) is **ADOPTED**.

**DATED: October 19, 2016**   /s/RUDY LOZANO, Judge
                              **United States District Court**